IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TIM L. DUKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-85-JDK-KNM |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tim Duke, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The named Defendants are (1) TDCJ Executive Director Bryan Collier; (2) Securus Technologies, a private company which provides tablets for TDCJ inmates; (3) Securus employee Mrs. Barbanck; (4) the senior warden at the Hughes Unit; (5) Sgt. Johnson, the Prison Rape Elimination Act officer at the Hughes Unit; (6) Senior Warden Lilly of the Michael Unit; and (7) the Safe Prisons/PREA Officer at the Michael Unit, whom Plaintiff describes as a Hispanic female.

I.

On April 11, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss the claims against Collier, Securus Technologies, Barbanck, and Lilly without prejudice for failure to state a claim upon

1

which relief can be granted. Docket No. 42. But Judge Mitchell recommended allowing the claims against the unknown Safe Prisons/PREA Officer at the Michael Unit to proceed. *Id.* Finally, Judge Mitchell severed and transferred the claims against the warden of the Hughes Unit and Sgt. Johnson to the U.S. District Court for the Western District of Texas, where those claims arose. Docket No. 41. Plaintiff filed four objections. Docket No. 45.

## II.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## III.

The Court addresses the objections as they relate to each Defendant.

### A. Defendants Collier and Lilly

In his first objection, Plaintiff asserts that he suffered a "campaign to retaliate" starting at the executive office, going down through the state classification chief to the units' classification chiefs. Docket No. 45 at 1–3. Plaintiff essentially argues this campaign "had to start somewhere," thus implicating Director Collier. *Id.* at 3. Plaintiff goes on to list facts purportedly showing that the TDCJ system has been intentionally putting him in harm's way. For example, Plaintiff alleges that he had

been placed on "90 day monitoring" at the Michael Unit before being transferred to the Boyd Unit but was never told why. *Id.* at 1. He says that when he arrived at the Boyd Unit, there were some ten to twelve inmates from the Hughes Unit who knew about Plaintiff's having reported the assault at that unit. *Id.* In September of 2024, he received a "property settlement" for the loss of his typewriter in the form of being given his cellmate's confiscated typewriter. *Id.* at 2. After Plaintiff received his cellmate's typewriter, his cellmate assaulted him. *Id.*

Plaintiff discusses other incidents which occurred at the Boyd Unit and questions why he was transferred to the Allred Unit just one day after seeing the Unit Classification Committee at the Boyd Unit. He speculates that "any rational trier of fact can easily ascertain that something must be going on here in a deliberate and personal knowledge behind this moving force of the campaign to retaliate by putting me at intentional risks of more assaults." *Id.* at 2–3. Plaintiff claims appointed counsel would be able to obtain the needed records to present to a jury. *Id.* at 3.

Regarding Warden Lilly, Plaintiff asks why a senior warden would place an untrained officer in the position of Safe Prisons/PREA officer while the supervisor was gone for a week. He asserts he needs to access "TDCJ internal records to support these allegations that need to be addressed by a jury with my having appointed counsel to assist in the discovery stage before jury trial." *Id.*

These objections are without merit. Plaintiff's speculation and conclusory allegations concerning an alleged "campaign to retaliate" originating with the

3

Executive Director of TDCJ are wholly insufficient to support a claim against Collier. *See Payne v. Speer*, 74 F.3d 1238, 1238 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). Although Plaintiff alleges that his claims can be proven through discovery, the Federal Rules of Civil Procedure "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Plaintiff's objection regarding Warden Lilly indicates that he may be raising a claim of failure to train or supervise. The Fifth Circuit has explained that a supervisor may be liable for failure to train or supervise if "(1) the supervisor either failed to train or supervise the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009)). However, conclusory allegations of failure to train or supervise do not give rise to § 1983 liability. *See Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010) (holding that "the misconduct of the subordinate must be conclusively linked to the action or inaction of the supervisor," and the supervisor must have shown deliberate indifference). Plaintiff has wholly failed to allege specific facts supporting a claim for failure to train or supervise.

Accordingly, Plaintiff's first two objections are **OVERRULED**.

### B. Securus Technologies and Mrs. Barbanck

The Magistrate Judge found that Plaintiff did not state a claim against Securus Technologies or Barbanck because they are not state actors and thus not

4

amenable to suit under 42 U.S.C. § 1983. Docket No. 42 at 7–9; *see also Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (requiring that a plaintiff show that the alleged deprivation was committed by a person acting under color of state law). The Magistrate Judge found that numerous courts have held that Securus Technologies is not a state actor merely because it contracted with TDCJ to provide telephone and tablet services to prisoners. *See* Docket No. 42 at 7–8 (collecting cases).

In his objections, Plaintiff reasserts his claims against Securus and Barbanck, arguing that the denial of the tablet violated his right to due process and his First Amendment right to communicate. Docket No. 45 at 4–5. He does not directly address the Magistrate Judge's conclusion but instead cites multiple irrelevant cases. *Id.* at 4–5 (collecting cases).

But none of those cases addresses whether Securus—or any other prison tablet provider—is a state actor at all, much less hold that such a provider is in fact a state actor. Unlike the company in Plaintiff's most relevant case, Securus does not "administer[] a state corrections facility." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 101 (6th Cir. 1991). The Magistrate Judge therefore correctly concluded that Securus and Barbanck are not state actors for the purposes of § 1983.

The Fifth Circuit has stated that for non-state actors to be liable under § 1983, the plaintiff must show a conspiracy between those defendants and state actors. *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). This requires the plaintiff to allege specific facts showing an agreement between the private and public defendants to commit an illegal act and a deprivation of

5

constitutional rights. *Id.*; *see also Bogus v. Harris Cty. District Attorney*, 830 F. App'x 746, 748 (5th Cir. 2020). "Conclusory allegations that do not reference specific" facts tending to show an agreement are insufficient. *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019).

Plaintiff contends that Barbanck "defiantly refused" to issue him a new tablet after his was lost by TDCJ officials. Docket No. 40 at 11. This allegation falls well short of alleging a conspiracy sufficient to render Securus or Barbanck state actors and thus potentially liable under § 1983. Plaintiff's objections concerning Securus and Barbanck are **OVERRULED**.

### IV.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.

Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 42) as the opinion of the District Court.

Plaintiff's claims are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. And Defendants Collier, Lilly, Securus, and Barbanck are **DISMISSED** from the suit. This dismissal shall not affect Plaintiff's claims against the unknown Safe Prisons/PREA Officer at the Michael Unit.

So **ORDERED** and **SIGNED** this **5th** day of **June, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE